IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, | No. 2:12-CV-2161-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES HARTLEY, | |
| Respondent. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 15) and petitioner's motion for an order staying this case and holding proceeding in abeyance pending exhaustion in state court (Doc. 2).

   Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

1

315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the amended petition, the court agrees with respondent and concludes that petitioner has not exhausted state court remedies.  Petitioner raises ten grounds for relief.  It is undisputed that a number of the claims raised in the amended petition are unexhausted because they are still pending in state court.[1]  When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims.  See 330 F.3d 1086, 1099 (9th Cir. 2003).  However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings.  See 542 U.S. 225, 234 (2004).[2]  Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide

---

[1] In the amended petition, petitioner states as follows with respect to a second petition for post-conviction relief filed in state court: "Issues are being exhausted by way of Writ of Habeas Corpus in State Court."

[2] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If, as is the case here, the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278.

In his stay-and-abeyance motion, petitioner argues that this court has the discretion to issue an order staying these proceedings pending exhaustion of his unexhausted claims. Petitioner does not, however, point to any facts which would convince the court to exercise its discretion in the way petitioner seeks. While petitioner's motion is long on recitation of the applicable legal principles, it is completely devoid of any factual analysis. In particular, petitioner has not made any effort whatsoever to explain why he could not present his currently unexhausted claims to the state court earlier. On the current record, the court sees no basis to exercise its discretion to enter a stay.

/ / /

/ / /

/ / /

While the court is not required to permit petitioner to amend to delete unexhausted claims, the court in this case will nonetheless recommend that petitioner be permitted to do so.  Of course, petitioner is always free to accept dismissal of the current mixed petition and re-submit a petition under a new case number which contains only exhausted claims (either now with only his currently exhausted claims or later after the state court resolves the currently unexhausted claims).  To the extent this would pose a statute of limitations problem with respect to consideration of petitioner's currently exhausted claims, petitioner should carefully consider his options before deciding how to proceed.

Based on the foregoing, the undersigned recommends that:

1.    Petitioner's motion for a stay-and-abeyance order (Doc. 2) be denied; and

2.    Petitioner's amended petition for a writ of habeas corpus (Doc. 15) be summarily dismissed, without prejudice and without further order of the court, for failure to exhaust state court remedies unless petitioner files an amended petition containing only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 13, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE